UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| KARYN WALLS, Individually and for Others Similarly Situated, | Case No. **3:20-cv-00044-MHL** |
| v. | Collective Action |
| APEX SYSTEMS, LLC | |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Apex Systems, LLC fails to pay certain hourly employees overtime as required by the Fair Labor Standards Act (FLSA).

2.      Instead, Apex pays these workers the same hourly rate for all hours worked, including those in excess of 40 in a work week.

3.      Karyn Walls brings this collective action to recover unpaid overtime and other damages owed to herself and to other hourly employees like her.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Apex is headquartered in this District and Division.

6.      Moreover, Apex selected this Court as the mandatory venue for employment disputes in its standard employment agreement.

7.      Therefore, Apex selected this venue for this dispute.

## PARTIES

8.    Walls was an hourly employee of Apex.

9.    Her written consent is attached.

10.   Apex may be served with process by serving its registered agent.

## FLSA COVERAGE

11.   At all relevant times, Apex was an employer within the meaning of 29 U.S.C. § 203(d).

12.   At all relevant times, Apex was an enterprise within the meaning of 29 U.S.C. § 203(r).

13.   At all relevant times, Apex was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14.   Apex has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

15.   Apex has and has had annual gross volumes of sales of more than $1,000,000.

16.   At all relevant times, Walls and the Straight Time Workers (defined below) were engaged in commerce or in the production of goods for commerce.

## FACTS

17.   Apex is a staffing and services firm headquartered in Glen Allen, Virginia.

18.   Apex provides technical professionals to clients within numerous major industries.

2

19.    Apex has a presence in over 70 markets across North America with employees placed in client companies throughout the U.S. and Canada.

20.    In 2018, Apex had over 44,500 professionals engaged on customer projects.

21.    Apex hired Walls in September of 2017.

22.    Apex employed Walls as an Implementation Consultant.

23.    Apex paid Walls as an hourly, not salaried, employee.

24.    Apex requires all its hourly employees to report the hours they work each week.

25.    Walls reported the hours she worked each week to Apex.

26.    Apex paid Walls $40 per approved hour worked.

27.    If Walls worked fewer than 40 hours in a week, Apex paid pay Walls for the actual hours she worked.

28.    Walls regularly worked over 40 hours in a week.

29.    Walls typically worked 45 hours a week during her employment with Apex.

30.    Apex paid Walls at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

31.    In other words, Walls only received "straight time" pay for overtime hours worked.

32.    This "straight time for overtime" payment scheme violates the FLSA.

33.    Apex knew of the FLSA's overtime requirement.

34.    Apex nonetheless failed to pay certain hourly employees, such as Walls, overtime.

35.    Defendants' failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

36.    Apex's illegal "straight time for overtime" policy extends beyond Walls.

37.    It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

38.    Apex paid hundreds of hourly employees across the United States using the same unlawful scheme.

39.    Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

40.    The workers impacted by Apex's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

41.    Therefore, the class is properly defined as:

**All Apex employees who were paid straight time for overtime at any point in the past 3 years (the "Straight Time Workers").**

## CAUSE OF ACTION

42.    By failing to pay Walls and the Straight Time Workers overtime at one-and-one-half times their regular rates, Apex violated the FLSA's overtime provisions.

43.    Apex owes Walls and the Straight Time Workers the difference between the rate paid to them and the proper overtime rate.

44.    Because Apex knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Apex owes these wages for at least the past 3 years.

4

45.     Apex is liable to Walls and the Straight Time Workers for an amount equal to all unpaid overtime wages as liquidated damages.

46.     Walls and the Straight Time Workers are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

43.     Walls prays for relief as follows:

a.      An order allowing this action to proceed as a collective action under the FLSA and directing notice to all the Straight Time Workers;

b.      Judgment awarding Walls and the Straight Time Workers all unpaid overtime, liquidated damages, attorneys' fees and costs under the FLSA;

c.      An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d.      All such other and further relief to which Walls and the Straight Time Workers may show themselves to be justly entitled.

Respectfully submitted,


By: /s/ Zev H. Antell
Harris D. Butler (VSB No. 26483)
Zev H. Antell  (VSB No. 74634)
**BUTLER ROYALS, PLC**
140 Virginia Street, Suite 302
Richmond, Virginia 23219
804-648-4848 – Telephone
804-237-0413 – Facsimile

Michael A. Josephson
Texas Bar No. 24014780
mjosephson@mybackwages.com
Andrew Dunlap
Texas Bar No. 24078444
adunlap@mybackwages.com

5

**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
(*Pro Hac Vice to be filed*)

Richard J. (Rex) Burch
Texas Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
(*Pro Hac Vice to be filed*)

**ATTORNEYS FOR PLAINTIFFS**

6